No. 14,644.

VILES ET AL. *v.* JACKSON, TRUSTEE IN BANKRUPTCY FOR
COLLATERAL BANKERS, INC.

(94 P. [2d] 1085)

Decided October 2, 1939.   Rehearing denied October 23, 1939.

EDMOND L. VILES, FRANCES N. VILES, pro se.

No appearance for defendant in error.

*In Department.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of
the court.

AN action on a promissory note. Judgment in the sum apparently due, with costs, was given.

Plaintiff at suit sued as trustee in bankruptcy of the failed holder of the note. By amended answer defendants answered: (1) That they had not received consideration for the note; (2) that they had not received credit for chattels taken by replevin on account of the note; (3) that there was another action pending between the same parties on the same cause; (4) that the promissory note is ambiguous, uncertain, unintelligible, and too vague to be understood; (5) that on its face the note shows it is void and uncollectible under the statutes. Plaintiff replied in denial of all defenses except the second one, as to which he alleged that at one time, in his official capacity, as here, he had brought a replevin action against defendants to recover the chattels given to secure the note in suit, and had there alleged the chattels to be of value in the sum alleged by defendants, but that by agreement between the parties there the action was dismissd, the plaintiff sold the chattels involved to defendants for $110.00, in which sum, less costs, defendants were credited on the note here; and that in payment of their purchase of the chattels defendants gave a new note and chattel mortgage on the same property.

The condition of the purported bill of exceptions challenges our attention. On objection by plaintiff, the trial judge refused to allow and sign the bill, but gave plaintiffs in error "twenty days to submit a new bill of exceptions showing actual testimony given." Plaintiffs in error did not avail themselves of the extended time granted by the court and submit a new bill. Instead, they resorted to the Code of Civil Procedure, section 420, which provides: "In case * * * any judge shall neglect or refuse to allow and sign such bill of exceptions, it shall be lawful for either party excepting to the judgment, or his attorney, to attach to his bill of exceptions the affidavit of two or more persons (at least one

of whom shall be other than the party so excepting or his attorney) who were present when such exceptions were taken stating that such bill of exceptions is true and correct; and when such bill of exceptions is so * * * attested and proved by affidavit, it shall thereupon be filed by the clerk, and shall become a part of the record of such cause;" etc. Plaintiffs in error supported the bill originally tendered and disallowed, as we have seen, by their own affidavits, of doubtful formal sufficiency, and by an affidavit of one not "excepting" to the judgment, but who did not say he was present when the exceptions were taken, only stating that the bill "is true and correct, in substance, as to my testimony given at the trial." We cannot think the so-called bill of exceptions is sufficiently attested. It seems pertinent to observe that plaintiffs in error did not secure from the court reporter the draft of bill of exceptions which they tendered, but submitted one of their own production. Of course, litigants may not properly be precluded from pursuing the course attempted, but they proceed so at no little risk, as evidenced here. It is fair to add that we think the trial judge was justified in declining to attest the bill submitted. Its incompleteness is apparent.

■■ On the record proper, affirmance of the judgment is imperative. The note imports consideration ('35 C. S. A., c. 112, §24), and since there was no evidence to the contrary, point one of the answer fails. Points two and three are in like category — not proved. The note is plain and understandable, and not unusual as to form. It was in the principal sum of $706.40, and bore interest at the rate of ten per cent per annum. We are not advised of any law that makes such a note "void and uncollectible under the statutes." Thus points four and five of the answer are unavailing.

■ It appears that in an earlier proceeding—replevin by defendant in error to recover possession of chattels mortgaged by plaintiffs in error to secure the note here—the verified complaint stated the value of the chattels

to be $750. Plaintiffs in error contend that regardless of the absence of evidence as to the value of the goods involved there — and there was none — they should be credited with that sum. That is not the law. Only on evidence as to value of chattels taken in replevin, is there basis for judgment. Code of Civil Procedure, §247. See *Wilson v. Kellerd,* 189 N. Y. S. 161. Let the judgment be affirmed.

MR. JUSTICE BAKKE and MR. JUSTICE BURKE concur.