## No. 17,160.

VILES *v.* SCOFIELD ET AL.

(261 P. [2d] 148)

Decided August 31, 1953.   Rehearing denied September 21, 1953.

Mr. EDMOND L. VILES, pro se.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

PLAINTIFF in error, to whom we hereinafter refer as Viles, brought this action in the district court of Jefferson county against defendants in error, hereinafter designated as defendants.

Viles prayed for damages allegedly sustained by him resulting from a sheriff's sale upon execution issued out of the county court of the City and County of Denver to satisfy a judgment of that court which was entered August 25, 1938. In the alternative, Viles prayed that the sheriff's deed, issued following the said sale under execution, be cancelled and set aside, and that, "Plaintiff be awarded the sum of $10,000 damages for unlawfully hindering him in his occupation for 2 years, and for physical suffering and mental anxiety caused by this unlawful sale."

The complaint in the instant action was filed March 25, 1949, and the ground upon which Viles seeks relief is that the judgment obtained in 1938 is invalid because it was "obtained by fraud." The validity of that judgment was established by this court, on writ of error directed thereto, in the case of *Viles v. Jackson*, 105 Colo. 68, 94 P. (2d) 1085. In the case at bar, without doubt, it is attempted to relitigate questions which heretofore have been finally adjudicated.

In defendants' answer, filed in the instant case, it was alleged that Viles had unsuccessfully attempted, through various court maneuvers, to relitigate the questions determined in the action resulting in the entry of the judgment upon which the execution here involved was issued. No action was taken by Viles following the decision of this court in *Viles v. Jackson, supra,* until execution was issued. The efforts of Viles to avoid the said judgment were without avail and our court, on several occasions following the opinion in *Viles v. Jackson, supra,* refused to grant relief.

The trial court granted defendants' motion for summary judgment, and final decree was entered April 21, 1949. Writ of error did not issue out of this court until

May 26, 1953, more than four years after the date of the entry of the judgment sought to be reviewed. A writ of error will not be given consideration unless issued within the time provided by rule. Viles, in all the litigation to which reference hereinabove is made, appeared pro se.

▮ Assuming, without so deciding, that Viles might have obtained a different result had he been represented by counsel during the long controversy between the parties, we can only say that the matter has heretofore been adjudicated and that he cannot re-open the litigation which has for many years been finally closed. The record before us in this cause shows that Viles lacks an understanding of our rules of civil procedure, and has misconceptions concerning basic principles of law. If a litigant, for whatever reason, sees fit to rely upon his own understanding of legal principles and the procedures involved in the courts, he must be prepared to accept the consequences of his mistakes and errors. One who attempts a major operation, without expert knowledge of the precautions essential to safety, cannot be heard to complain if tragedy results.

▮ In the case of *Knapp v. Fleming*, 127 Colo. 414, 258 P. (2d) 489, our court said: "It appears from the record that plaintiff is acting here, and acted in the court below, as his own attorney. The trial court repeatedly took this fact into consideration and permitted him to proceed with the presentation of his case in an unorthodox manner. A litigant is permitted to present his own case, but, in so doing, should be restricted to the same rules of evidence and procedure as is required of those qualified to practice law before our courts; otherwise, ignorance is unjustly rewarded."

The writ of error is dismissed.

. MR. JUSTICE HOLLAND disqualifies himself and does not participate.

MR. JUSTICE HOLLAND:

"Plaintiffs in Error herein respectfully request that

this case be assigned to Mr. Justice Holland," is printed on the face of the application for supersedeas, and while complimentary in a sense, it is, nevertheless, embarrassing, and to prevent opportunity for criticism, as well as any thought that litigants may, in any manner, suggest, or have anything whatever to do with the assignment of cases in this court, I have disqualified myself from participation herein.