456 P.2d 274 (1969)
Jo Ann HEIKES and Fern I. Wolaver, Public Trustee In and For the County of Larimer and State of Colorado, Plaintiff in Error,
v.
FORT COLLINS PRODUCTION CREDIT ASSOCIATION, Defendant in Error.
No. 23912.
Supreme Court of Colorado, In Department.
April 14, 1969.
Fischer & Beatty, William H. C. Brown, Fort Collins, for plaintiff in error.
Ralph H. Coyte, Sonja E. Warberg, Fort Collins, for defendant in error.
HODGES, Justice.
This case involves a foreclosure proceeding in which the mortgagor appeared pro se. The parties will be referred to here as they appeared in the trial court, where defendant in error was plaintiff and plaintiff in error was defendant.
On April 2, 1968, plaintiff sued defendant for a delinquent principal balance of $126,338.21, together with accrued interest, on certain promissory notes, and for foreclosure of the personal and real property given by defendant as security for the loans. Also on April 2, 1968, a writ of replevin was issued for 1429 head of sheep, which were part of the loan security. On April 6, 1968, defendant was personally served with copies of the complaint and writ of replevin.
On April 15, 1968, a hearing was held with respect to the replevin and sale of the sheep. Defendant appeared without counsel, but agreed to proceed with the hearing. Defendant actively participated in the hearing, conducting an extensive cross-examination (some 56 record folios), and then testifying in her own behalf. We also note that the trial judge, in open court at the replevin hearing, declared that he had been encouraging defendant for several weeks to get a lawyer; that defendant agreed this was true; and, that the trial judge stated for the record that he had previously told defendant that if she were unable to retain counsel, she could seek assistance from the legal aid clinic at the University of Colorado. The trial court ordered the prompt sale of the replevied sheep, indicating that defendant was protected by an adequate replevin bond.
Trial on the foreclosure began on June 24, 1968, more than two months after the *275 first hearing, and defendant again appeared without counsel. The record clearly establishes defendant's indebtedness, her default in repayment, and the grounds for foreclosure. In the course of the trial, defendant conducted a lengthy cross-examination of plaintiff's manager (250 folios), and again testified herself. At both the April and June hearings, the trial court, as well as opposing counsel, were most liberal in permitting defendant to interrogate and testify, despite non-compliance with technical rules of evidence.
After judgment was entered in favor of plaintiff, defendant hired attorneys, who filed a motion for new trial, supported by defendant's affidavit. The main grounds for the motion for new trial were these: defendant was denied her constitutional right of fair trial by her appearance without counsel; hearsay evidence was improperly received on behalf of plaintiff; and, the supporting affidavit alleges that defendant "feels that she may have meritorious defenses in the nature of estoppel or waiver," which she was unable to present properly either in her pleadings or at trial. After denial of the motion for new trial, defendant, by her counsel, prosecutes this writ of error.
The defendant's primary contention is that her lack of counsel in trial court was a deprivation of her constitutional rights. However, her attorney cites no authority for this contention, and we find neither authority nor reason to support its validity. The defendant exercised her right to appear as her own counsel in a civil case, and the record supplies ample proof that she was articulate on her own behalf, participating actively in both hearings by lengthy cross-examinations and by her own testimony. We here confirm and deem applicable what we said in Viles v. Scofield, 128 Colo. 185, 261 P.2d 148:
"If a litigant, for whatever reason, sees fit to rely upon his own understanding of legal principles and the procedures involved in the courts, he must be prepared to accept the consequences of his mistakes and errors."
Nor can the bare allegations in the motion for new trial, devoid of any specificity, of a possible defense of waiver or estoppel or improper hearsay evidence suffice to warrant the granting of a new trial. A careful review of the record fails to disclose any factual showing of a meritorious defense to plaintiff's suit.
The judgment is affirmed.
McWILLIAMS, C. J., and DAY and LEE, JJ., concur.