**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Georgina E. MERRILL, Defendant–Appellant.**

**No. 90CA0832.**

Colorado Court of Appeals, Div. III.

July 18, 1991.

Robert R. Gallagher, Jr., Dist. Atty., James C. Sell, Chief Deputy Dist. Atty., Brian K. McHugh, Deputy Dist. Atty., Englewood, for plaintiff-appellee.

Clifton J. Carney, Jr., Boulder, for defendant-appellant.

Opinion by Judge CRISWELL.

The defendant, Georgina E. Merrill, appeals from the judgment of the trial court that directed the forfeiture of some $10,000 in currency pursuant to the provisions of the Colorado Contraband Forfeiture Act, § 16–13–501 through § 16–13–508, C.R.S. (1986 Repl.Vol. 8A) (the Act). Insofar as it is within our jurisdiction to do so, we affirm.

The Act defines "contraband article" to include any controlled substance as defined in § 12–22–303(7), C.R.S. (1985 Repl.Vol. 5). Further, any currency given in exchange for a contraband article is itself "contraband property," which must be seized by a peace officer if that officer has probable cause to believe it is contraband and if the seizure is incident to a lawful search. Section 16–13–504(1), C.R.S. (1990 Cum.Supp.).

Upon such seizure, all title to and interest in the contraband immediately vests in the state, subject only to the procedures established by the Act for the perfection of such title. No person claiming any interest in any article seized may institute any replevin action or other judicial proceeding to recover any such claimed interest, but the exclusive means for recovery of any such article are the procedures established by the Act. Section 16–13–504(1).

Proceedings under the Act are to be initiated by the prosecuting attorney within 60 days of the seizure of the article by filing with the court a "petition in forfeiture," accompanied by a supporting affidavit. Section 16–13–505(2)(a), C.R.S. (1990 Cum. Supp.). If, from the allegations contained in this petition and affidavit, the court finds that there is probable cause to believe that the property described is contraband, then it is obligated to issue a citation to "interested parties," directing them to show cause why the property should not be forfeited and setting a date for a "first appearance." Section 16–13–505(2)(b), C.R.S. (1990 Cum.Supp.).

Any person desiring to contest the forfeiture must file with the court a written response to the forfeiture petition. Among other things, this response must admit or deny the averments of the petition, must set forth "with particularity" why the seized property should not be forfeited, and must contain:

"A verified statement, supported by documentation, of the ownership interest of the claimant [respondent]." Section 16-13-505(2)(d)(IV), C.R.S. (1990 Cum. Supp.).

Once the matter is placed at issue by the filing of this response, further proceedings are to be governed by the Colorado rules of civil procedure, except that the "discovery phase" of the case is to be governed by the Colorado rules of criminal procedure. Section 16-13-505(4), C.R.S. (1990 Cum.Supp.). Further, the court may not continue proceedings, except upon a stipulation of the parties approved by the court, or for "good cause." For this purpose, however:

"Good cause shall not include the fact of pending criminal charges nor any privilege associated with said charges." Section 16-13-505(5), C.R.S. (1990 Cum. Supp.).

If any respondent, having been served with a citation, fails to file a written response in the form mandated by the Act, the court must forthwith find that person in default and enter an order forfeiting his or her interest in the property. Section 16-13-505(8), C.R.S. (1990 Cum.Supp.)

The forfeiture proceedings involved here were initiated after defendant was arrested when she allegedly attempted to purchase cocaine for $10,000 and currency in this amount was seized. At the time that the forfeiture petition was filed, criminal charges, alleging that she had conspired to, and did, possess a schedule II controlled substance in violation of § 18-2-201, C.R.S. (1986 Repl.Vol. 8B) and § 18-18-105(1)(a) and (2)(a), C.R.S. (1986 Repl.Vol. 8B), were pending.

In her written response, defendant admitted certain of the allegations of the petition, but denied most of them. She also asserted that the Act violated her right against self-incrimination. For this reason, she did not allege that she had any ownership interest in the currency, nor did she submit any "documentation" to establish any such interest. Rather, she requested leave of court to supplement her response at some later date, so as to comply with this requirement of the Act. She also requested a determination by the court that any statement made by her in her response would be inadmissible at her criminal trial.

The trial court determined that, because defendant's response failed to comply with the requirement for a verified statement of her ownership interest, defendant had failed to demonstrate that she had any standing to contest the forfeiture. Hence, it declared that defendant was in default and entered an order forfeiting any interest she might claim in the currency that was the subject of the action.

In this court, defendant argues, first, that the trial court misinterpreted the provisions of the Act, and second, that if the trial court's interpretation is correct, the Act unconstitutionally requires defendant to incriminate herself or, by remaining silent, to forfeit her property without due process of law. We conclude, however, that the interpretation placed upon the statute by the trial court is the correct one. Hence, because this court lacks jurisdiction to consider defendant's constitutional challenges to the Act, § 13-4-102(1)(b), C.R.S. (1987 Repl.Vol. 6A), we affirm the trial court's judgment to the extent that we have authority so to do.

While it is true, as defendant argues, that a statute should be construed, if possible, so as not to render it invalid, *see High Gear & Toke Shop v. Beacom*, 689 P.2d 624 (Colo.1984), nevertheless, the polestar for a court's interpretation of a statute is the intent of the legislature that enacted it. *People v. Guenther*, 740 P.2d 971 (Colo. 1987). To discern this intent, the language of the statute itself must be looked to, giving that language its common and ordinary meaning. *People v. Guenther, supra*. And, if the words of a statute themselves will not admit of a proffered interpretation, the court may not adopt that

interpretation. *See Rancho Colorado, Inc. v. City of Broomfield*, 196 Colo. 444, 586 P.2d 659 (1978).

■ Here, the Act is specific in requiring that a respondent's ownership interest in the alleged contraband be described in a "verified statement" and "supported by documentation." Yet, defendant made no attempt to comply with this provision. Her written response contained *no* allegation of any interest in the currency that was described in the forfeiture petition, much less one that was verified and supported. The trial court, therefore, committed no error in concluding that this response was not in substantial compliance with § 16–13–505(2)(d)(IV).

■ Further, the Act is also specific in providing that, if an interested party is served with a copy of the petition and citation, but fails "to file a response as required" by its terms, the court "shall" find a default and order forfeiture of that party's interest. Section 16–13–505(8). Thus, the court was required to reject defendant's request to await the presentation of evidence or termination of her criminal proceedings before requiring her to submit a proper response. Not only would such delay be contrary to the mandate imposed by § 16–13–505(8), but neither the pendency of the criminal charges against defendant, nor any "privilege associated with said charges," provided a basis under the Act for any delay in the proceedings. Section 16–13–505(5).

Finally, we conclude that the trial court did not err in refusing defendant's request to rule that any statements contained in her written response could not be used for purposes of her pending criminal trial. Such a request amounted to nothing less than a request that defendant be granted use immunity for any statement made by her in her response.

■ However, the grant of use immunity for such statements is generally governed by § 13–90–118, C.R.S. (1987 Repl. Vol. 6A); in Colorado, the courts possess no inherent power to grant such immunity. *Harding v. People*, 708 P.2d 1354 (Colo.

1985). And, § 13–90–118 grants sole discretionary authority to request the grant of such immunity to the prosecuting attorney. *Harding v. People, supra; People v. Macias*, 44 Colo.App. 203, 616 P.2d 150 (1980).

■ Defendant does not assert that the Act itself contains provisions authorizing the court to grant immunity to persons who may claim an interest in property that is the subject of proceedings under it. And, our own review of the Act convinces us that these provisions do not reflect any intent to extend the court's authority over such subject beyond that contained within § 13–90–118. Therefore, because the prosecuting attorney did not request that defendant be granted immunity for any of her statements that might be made in these forfeiture proceedings, the trial court lacked authority to grant such immunity to her.

Hence, to the extent that we have jurisdiction of the issues presented, the judgment entered by the trial court is affirmed.

TURSI and PLANK, JJ., concur.