The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

FOUR THOUSAND THREE HUNDRED THIRTY–EIGHT DOLLARS ($4338.00) IN U.S. CURRENCY,

And Concerning Bernard Jones,
Interested Party–Appellee.

No. 90CA1090.

Colorado Court of Appeals,
Div. III.

Sept. 12, 1991.

John W. Suthers, Dist. Atty., Douglas P. Price, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

Opinion by Judge RULAND.

The People appeal from a judgment dismissing a civil forfeiture action brought pursuant to the Colorado Abatement of Public Nuisance Act, § 16–13–301, et seq., C.R.S. (1986 Repl.Vol. 8A). We reverse and remand for further proceedings.

In the complaint, the People requested forfeiture of $4,338 in U.S. currency allegedly seized from the possession and control of Bernard Jones when he was arrested for certain drug offenses. The People asserted that the currency was subject to forfeiture as a class 1 public nuisance, alleging that the money was used by Jones in connection with the drug offenses because it was found in close proximity to the drugs at the time of his arrest. *See* §§ 16–13–303(1)(c), (2), (3), & (6), C.R.S. (1990 Cum. Supp.).

The complaint did not assert any claim pursuant to the Colorado Contraband Forfeiture Act. *See* §§ 16–13–501, et seq., C.R.S. (1986 Repl.Vol. 8A). Nevertheless, Jones moved for dismissal of the action on the basis that the complaint had not been filed within the sixty-day time limit then specified in the Contraband Forfeiture Act. *See* § 16–13–505(2)(a), C.R.S. (1990 Cum. Supp.). Jones, in effect, contended that because the currency had already been seized at the time the complaint was filed, the Contraband Forfeiture Act must be deemed to apply. He also argued that a specific statute of limitations in the Contraband Forfeiture Act should be controlling over a general statute in the Public Nuisance Act.

The People resisted the motion relying upon the three-year limitation period then in effect for the Public Nuisance Act. *See* Colo.Sess.Laws 1987, ch. 122, § 16–13–307(8) at 634; *cf.* §§ 13–80–103.8(1)(b) & (1)(c), C.R.S. (1990 Cum.Supp.) (now providing for a uniform five-year limitation period for the commencement of forfeiture actions brought pursuant to either the Public Nuisance Act or the Contraband Forfeiture Act as to offenses committed on or after April 24, 1990).

The trial court ruled that the applicable limitation period for the action was the sixty-day time limit set forth in § 16–13–505(2)(a) of the Contraband Forfeiture Act, and it therefore dismissed the action as being untimely filed.

The People contend that the trial court erred in its ruling because the time limitations of the Contraband Forfeiture Act do not apply to a complaint filed pursuant to the Public Nuisance Act. We agree.

■ While a claim to acquire currency used in a drug transaction may be pursued by the People under either the Contraband Forfeiture Act or the Public Nuisance Act, it is apparent that the two Acts were intended to create different procedures and remedies. Thus, for example, more types of assets are subject to seizure under the Public Nuisance Act, *see* § 16–13–303(1) (1986 Repl.Vol. 8A), than under the Contraband Forfeiture Act. *See* § 16–13–504(1), C.R.S. (1990 Cum.Supp.). Conversely, a defendant under the Public Nuisance Act may file responsive pleadings authorized under the Rules of Civil Procedure, while a defendant under the Contraband Forfeiture Act confronts time and pleading limitations. *See People v. Merrill*, 816 P.2d 958 (Colo.App.1991). Disposition of proceeds obtained from seized property is even different. *See* § 16–13–311, C.R.S. (1986 Repl.Vol. 8A); § 16–13–506, C.R.S. (1986 Repl.Vol. 8A).

To emphasize the fact that the two Acts are cumulative of each other, in § 16–13–508, C.R.S. (1986 Repl.Vol. 8A) of the Contraband Forfeiture Act, the General Assembly declared that:

"Notwithstanding anything contained in this part 5, this part 5 shall not be construed as an amendment or repeal of any of the criminal laws of this state, but the provisions of this part 5, insofar as they relate to those laws, *shall be considered a cumulative right of the people in the enforcement of such laws.* Nothing in this part 5 shall be construed to limit or preempt the powers of any court or political subdivision to abate or control public nuisances, and this part 5 *shall be an additional remedy* in those situations where an action could be brought under part 3 of this article." [*i.e.*, under the Public Nuisance Act] (emphasis added)

■ Finally, the fact that the currency was seized at the time of Jones' arrest does not mandate that a proceeding be initiated under the Contraband Act. This is because § 16–13–315(1)(c), C.R.S. (1990 Cum.Supp.) of the Public Nuisance Act expressly authorizes seizure of the currency by a peace officer incident to a lawful arrest.

Thus, we conclude that the General Assembly intended to provide separate, alternative remedies in the two Acts for the forfeiture of currency used in connection with criminal drug offenses, and that seizure of the currency incident to a lawful arrest does not preclude the People from filing a forfeiture proceeding under the Public Nuisance Act. Here, the forfeiture action was filed well within the applicable three-year limitation period contained in the Public Nuisance Act. Accordingly, the trial court erred in dismissing it as being untimely.

The judgment is reversed, and the cause is remanded with directions to reinstate the complaint and to conduct further proceedings consistent with the views expressed in this opinion.

TURSI and DUBOFSKY, JJ., concur.