**The PEOPLE of the State of Colorado, Petitioner–Appellee,**

v.

**Darel Wayne DAVENPORT, Jr., Respondent–Appellant.**

No. 98CA2387.

Colorado Court of Appeals, Div. I.

March 2, 2000.

Paul R. Mclimans, District Attorney, Kathryn Steelman, Deputy District Attorney, Steamboat Springs, Colorado, for Petitioner–Appellee.

Edward R. Harris, Denver, Colorado, for Respondent–Appellant.

Opinion by Judge NIETO.

In this civil forfeiture action, defendant, Darel Wayne Davenport, Jr., appeals the default judgment entered in favor of the People. We reverse and remand for further proceedings.

The prosecution filed a petition under the Colorado Contraband Forfeiture Act, §§ 16–13–501 to 16–13–511, C.R.S.1999, seeking forfeiture of $23,000 of seized currency which was allegedly used in the unlawful distribution of a controlled substance.

The trial court issued a citation which summoned defendant to a first appearance on a date certain in order to show cause why the prosecution's petition for forfeiture should not be granted. The citation warned defendant that a default judgment would be entered against him "if you fail to file a response to the petition ... or if you fail to appear personally or by counsel at the first appearance." A copy of the citation was served on defendant by certified mail.

The day before the first appearance date, the clerk of the trial court received from defendant's attorney a response to the forfeiture petition, a motion to continue the forfeiture proceeding until the conclusion of the criminal case, and a verified statement executed by defendant asserting that the funds at issue were lawful proceeds from a legitimate investment. The docket fee required by § 13–32–101, C.R.S.1999, did not accompany the documents. However, the clerk accepted the documents for filing and presented them to the court. The prosecutor acknowledged to the court that before the hearing she had received a copy of the documents filed by the defendant. Defendant asserts he tendered the docket fee as soon as the error was called to his attention.

Neither defendant nor his counsel appeared at the first appearance hearing on the citation to show cause. The trial court acknowledged that defendant had "filed" a response but ordered it stricken because it was unaccompanied by the necessary filing fee. The court then entered default judgment in favor of the people, reasoning that defendant had failed to file a response and had also failed to appear personally or through counsel. Defendant filed a motion to set aside the default judgment; that motion was denied. This appeal followed.

I.

Defendant argues that his failure to pay the docket fee at the time he filed his response was not a sufficient basis for striking the response, and therefore, the trial court erred by striking the response and entering default judgment against him. We agree.

Section 16–13–505(8) requires the court to find the defendant in default at the first hearing unless he either files a response or appears in person or by counsel.

If any claimant to the property subject to a forfeiture action ... is properly served with the citation ... and fails to appear personally or by counsel on the first appearance date or fails to file a response as required by this section, the court shall forthwith find said person in default and enter an order forfeiting said person's interest in the property and distributing the proceeds of forfeiture as provided in this part 5 (emphasis added).

Section 16–13–505(8), C.R.S.1999. Therefore, if defendant's response was improperly stricken, it was error to enter default judgment at the first hearing.

Filing a response and paying the docket fee are two distinct acts. *Drennen v. Johnson,* 65 Colo. 381, 176 P. 479 (1918). The case cannot proceed to a final determination until the fee is paid, but it is not improper for the court to allow the party to pay the fee at a later time. *Carls Construction, Inc. v. Gigliotti,* 40 Colo.App. 535, 577 P.2d 1107 (1978).

"Unless it is necessary to enforce procedural rules to protect substantive rights, litigation should be determined on the merits, rather than on technical application of procedural rules." *Watson v. Fenney*, 800 P.2d 1373, 1375 (Colo.App.1990). Here defendant attempted to comply with the statute. He sent his response to the court and to the prosecutor. The prosecutor suffered no harm by the defendant's failure to timely pay the docket fee.

Entry of default judgment is the harshest of all sanctions, and it should be used only in extreme circumstances. *Nagy v. District Court*, 762 P.2d 158 (Colo.1988). Defendant did violate a procedural rule by failing to pay the docket fee at the time of filing. Therefore, if the trial court felt it was necessary, a sanction could have been imposed. Imposition of sanctions is a matter for the sound exercise of the trial court's discretion. *Nagy v. District Court, supra.* The inadvertent failure to pay a docket fee at the time of filing, without any other aggravating factor, does not constitute an extreme circumstance. Therefore, we hold that striking the defendant's response and entering a default judgment in the circumstances here was an abuse of discretion.

To the extent that *Broker House International, Ltd. v. Bendelow*, 952 P.2d 860 (Colo. App.1998), might be interpreted to reach a contrary conclusion, we find it distinguishable from this case. In *Broker House*, the plaintiff's failure to perfect the commencement of the action impacted the defendant's right to rely on the statute of limitations. Here, the only impact on the prosecutor was to require him to litigate his petition for forfeiture, and that fact, standing alone, does not constitute harm or prejudice.

## II.

The prosecutor asserts that even if the response was timely filed, default judgment was proper because § 16-13-505(8), C.R.S.1999, requires that the defendant file a response *and* appear at the first hearing. Therefore, the prosecutor argues that the failure to appear at the first hearing in person or by counsel justified entry of default.

The unambiguous language of § 16-13-505(8) imposes alternative, not cumulative, requirements, and in that circumstance we must apply the statute as written. *See Department of Corrections v. Nieto*, 993 P.2d 493 (Colo.2000). Accordingly, defendant may satisfy the statute by either filing a response or appearing, and he chose the former. Therefore, the prosecutor's argument must be rejected.

## III.

Because of our conclusions, we need not reach the question of the applicability of C.R.C.P. 55 to a forfeiture proceeding under the Colorado Contraband Forfeiture Act.

Accordingly, the default judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Judge METZGER and Judge RULAND concur.