The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
March 26, 2020

## 2020COA55

**No. 19CA0446, *Peo v Vogel* — No. 19CA0446, Peo v Vogel — Criminal Law — Colorado Contraband Forfeiture Act — Forfeiture Proceedings — Default**

A division of the court of appeals considers (1) the grounds for entry of a default order in a civil forfeiture case; (2) the requirements for setting aside a default order of forfeiture; and (3) whether the procedures in the Colorado Contraband Forfeiture Act comport with due process. The division affirms the district court's orders entering a default order of forfeiture against respondent and denying respondent's motion to set aside the default order.

COLORADO COURT OF APPEALS                                      **2020COA55**

Court of Appeals No. 19CA0446
Boulder County District Court No. 18CV31019
Honorable Thomas F. Mulvahill, Judge

The People of the State of Colorado,

Petitioner-Appellee,

v.

William Frederick Vogel,

Respondent-Appellant.

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE LIPINSKY
Fox and Berger, JJ., concur

Announced March 26, 2020

Michael Dougherty, District Attorney, Adam D. Kendall, Chief Trial Deputy
District Attorney, Boulder, Colorado, for Petitioner-Appellee

William Frederick Vogel, Pro Se

¶ 1     Pro se respondent, William Frederick Vogel, appeals the district court's entry of a default order of forfeiture against him.  We affirm because Vogel failed to comply with the statutory requirements for responses to civil forfeiture petitions and, therefore, failed to prove that the trial court erred in denying his request to set aside the default order.

## I.     Background

### A.     Facts

¶ 2     Vogel rented space on property in unincorporated Boulder County to store five tractor trailers.  A confidential source tipped off a Boulder County deputy sheriff that marijuana was being illegally cultivated in the five tractor trailers.  After the deputy sheriff corroborated the source's information, a detective with the Boulder County Drug Task Force obtained a search warrant for the property.

¶ 3     During the execution of the search warrant, law enforcement officers discovered the five tractor trailers, which they saw housed a marijuana grow operation; a generator on a black flatbed trailer (the trailer); and approximately 163 marijuana plants.  Officers seized

the trailer, along with other items, and held it as evidence in the related criminal case filed against Vogel.

¶ 4    This appeal concerns the civil forfeiture of the trailer. (The generator was the subject of civil forfeiture in another case. The Boulder County Drug Task Force was awarded the generator by default after Vogel failed to appear in that proceeding.)

¶ 5    The Boulder County District Attorney filed a petition in forfeiture to perfect title in the trailer, alleging that the trailer was contraband. The District Attorney requested that the district court (1) issue a citation to interested persons to show cause why the trailer should not be forfeited as contraband pursuant to section 16-13-503, C.R.S. 2019; and (2) enter a final order perfecting the State's right and interest in, and title to, the trailer, pursuant to sections 16-13-503 and 16-13-506, C.R.S. 2019.

¶ 6    The District Attorney supported the petition with an affidavit executed by the deputy sheriff who had received the tip from the confidential informant. In the affidavit, the deputy sheriff stated that Vogel was at large, with active warrants for five criminal charges relating to the marijuana grow operation. Further, the affidavit said that Vogel had told the confidential informant that he

intended to set up another marijuana grow operation "in the mountains" once he recovered his generator.

¶ 7     The district court found probable cause to believe the trailer was contraband. The court issued a "Citation to Show Cause (Advisement)" stating that Vogel would forfeit title to the trailer if he did not respond or appear before the court for a show cause hearing on the petition set for January 8, 2019. The District Attorney served Vogel, who was at the time jailed in Virginia, with the citation to show cause, the petition, and the supporting affidavit on January 3, 2019. The district court did not receive Vogel's response to the petition before, and Vogel did not appear at, the January 8 hearing, however.

¶ 8     Eight days after the hearing, the district court received two unsworn "Motions to Quash" from Vogel. Vogel apparently had mailed them to the district court from the Virginia jail on January 7, 2019. In the motions, Vogel asserted, among other contentions, that without "photos, VIN identification, or proper serial numbers," he could not substantiate whether the trailer belonged to him. He noted that he had owned various pieces of heavy equipment in

3

Colorado, some of which had been stolen.  The district court summarily denied the "Motions to Quash" on January 30, 2019.

¶ 9    On February 13, 2019, the district court entered a default order of forfeiture against Vogel pursuant to 16-13-505(8), C.R.S. 2019.  The court found that Vogel had received notice of the claim for forfeiture, failed to appear at the January 8 hearing, and failed to file a responsive pleading "accepted by the court."  The court ordered that the trailer was forfeited to the State in accordance with sections 16-13-506 and 16-13-316(2), C.R.S. 2019.  Further, the court authorized a public sale of the trailer pursuant to section 16-13-311, C.R.S. 2019, with the sale proceeds to be deposited into the court registry for distribution in accordance with section 16-13-311.

¶ 10    Vogel filed motions for an extension of time to appear in the forfeiture case and "properly address this situation with the plaintiff," which the district court received on February 19, 2019, and February 26, 2019.  The district court summarily denied both motions.  Vogel also filed "Motions to Appeal for Relief" and supporting "Legal Briefs," which the court received on February 19, 2019.  The district court interpreted the "Motions to Appeal for

Relief" as notices of appeal of the default order of forfeiture and concluded that, because "this [c]ourt has already issued a final, appealable order, any appeal of this [c]ourt's order must be taken to the Colorado Court of Appeals." Vogel filed a pro se notice of appeal in this court on March 25, 2019.

### B. The Procedures Governing Civil Forfeiture Actions

¶ 11 Pursuant to a lawful search, a law enforcement officer may seize and hold certain property — including vehicles, personal property, and fixtures — that the officer has probable cause to believe is "contraband." § 16-13-504(1), C.R.S. 2019. Property is "contraband" if it "has been or is being used in any of the acts specified in section 16-13-503 or in, upon, or by means of which any act under said section has taken or is taking place." § 16-13-504(1).

¶ 12 The acts specified in section 16-13-503 include "[e]ngaging in the unlawful manufacture, cultivation, growth, production, processing, or distribution for sale of, or sale of, or storing or possessing for any unlawful manufacture or distribution for sale of, or for sale of, any controlled substance." § 16-13-503(1)(a). Marijuana is a controlled substance. § 18-18-102(5), C.R.S. 2019.

Although article XVIII, section 16 of the Colorado Constitution permits the licensed "[c]ultivating, harvesting, processing, packaging, transporting, displaying, or possessing" of marijuana under specified conditions, such activities remain a criminal offense if unlicensed or if they otherwise fall outside the scope of section 16. *See* § 18-18-406, C.R.S. 2019.

¶ 13    Once contraband is seized, "[a]ll rights and interest in and title to contraband property shall immediately vest in the state . . . , subject only to perfection of title, rights, and interests in accordance with this part 5." § 16-13-504(1).

¶ 14    Section 16-13-505 identifies the procedures through which the State can perfect title to contraband under the Colorado Contraband Forfeiture Act (the Act), §§ 16-13-501 to -511, C.R.S. 2019. *See also* § 16-13-505(4) (explaining that the Colorado Rules of Civil Procedure apply to forfeiture proceedings in the absence of conflicting language in section 16-13-505).

¶ 15    A prosecuting attorney may initiate a proceeding to perfect title to contraband under the Act by filing a petition and a supporting affidavit containing the information specified in section 16-13-505(2)(a). If, based on the petition and affidavit, the court

finds probable cause that the subject property is contraband, as defined in the Act, it shall "issue a citation directed to interested parties to show cause why the property should not be forfeited. The citation shall fix the date and time for a first appearance on the petition." § 16-13-505(2)(b).

¶ 16    A person wishing to contest a forfeiture petition shall, before the "first appearance on the petition," file a response that includes:

> (I)    A statement admitting or denying the averments of the petition;
>
> (II)    A statement setting forth with particularity why the seized property should not be forfeited. The statement shall include specific factual and legal grounds supporting it and any affirmative defense to forfeiture as provided in this part 5.
>
> (III)   A list of witnesses whom the respondent intends to call at the hearing on the merits, including the addresses and telephone numbers thereof; and
>
> (IV)   A verified statement, supported by documentation, that the claimant is the true owner of the property or an interest therein.

§ 16-13-505(2)(d). No other responsive pleading is permitted. *Id.*; *see People v. Merrill*, 816 P.2d 958, 959 (Colo. App. 1991) (holding that the procedures in the Act are the exclusive means for recovery

of an article seized as "contraband property" under section 16-13-504(1)).

¶ 17    If a claimant to the subject property who has been properly served fails "to appear personally or by counsel on the first appearance date or fails to file a response as required by this section," the court shall "forthwith find said person in default and enter an order forfeiting said person's interest in the property and distributing the proceeds of forfeiture as provided in this part 5." § 16-13-505(8).

¶ 18    Once a default order of forfeiture is entered, it may be set aside only

> upon an express finding by the court that a claimant was improperly served through no fault of such claimant and had no notice of the first appearance on the citation or was prevented from appearing and responding due to an emergency situation caused by events beyond such claimant's control when such claimant had made diligent, good faith, and reasonable efforts to prepare a response and appear.

*Id.*

## C.    Appeal

¶ 19    Vogel raises several challenges to the default order of forfeiture. We consider only the issues properly presented in this appeal. First, we address whether Vogel complied with the statutory requirements for responses in civil forfeiture proceedings. Second, we consider whether the district court erred by entering the default order of forfeiture. Third, we determine whether the district court erred by declining to set aside the default order. Fourth, we address whether the district court's decision not to set aside the default order violated Vogel's due process rights. And fifth, we address Vogel's arguments arising under the Fourth and Sixth Amendments to the United States Constitution.

## II.    Standards of Review

¶ 20    The district court's interpretation of the civil forfeiture statutes is a question of law that we review de novo. *Harvey v. Centura Health Corp. & Catholic Health Initiatives*, 2020 COA 18M, ¶ 10, ___ P.3d ___, ___. In construing statutes, we give effect to the General Assembly's intent, as determined primarily from the plain language of the statute; construe the statute as a whole in an effort to give consistent, harmonious, and sensible effect to all its parts, reading

9

words and phrases in context and according to the rules of grammar and common usage; do not engage in further statutory analysis if the statutory language is clear and unambiguous; and "give effect to every word and render none superfluous." *Id.* (quoting *Baum v. Indus. Claim Appeals Office*, 2019 COA 94, ¶ 35, ___ P.3d ___, ___).

¶ 21 In contrast, we apply the abuse of discretion standard in reviewing a district court's denial of a motion to set aside a default judgment. *Borer v. Lewis*, 91 P.3d 375, 379 (Colo. 2004); *Meyer v. Haskett*, 251 P.3d 1287, 1292 (Colo. App. 2010); *see also People v. McBeath*, 709 P.2d 38, 39 (Colo. App. 1985) (holding that, in civil forfeiture cases, a trial court has "broad latitude" in permitting a claimant to file an untimely responsive pleading). A trial court abuses its discretion "when its decision is manifestly arbitrary, unreasonable, or unfair." *Meyer*, 251 P.3d at 1292.

### III. Vogel Failed to Comply with the Statutory Requirements for Responses in Civil Forfeiture Proceedings

¶ 22 As discussed in Part I.B above, a claimant seeking to prevent the State from obtaining title to seized property pursuant to a forfeiture petition must file a response to the prosecuting attorney's

10

petition that satisfies the four requirements enumerated in section 16-13-505(2)(d).  *See* § 16-13-505(2)(d)(I)-(IV).

¶ 23    We consider Vogel's "Motions to Quash" to constitute a response to the District Attorney's petition.  Even if we liberally construe Vogel's motions, *see People v. Bergerud*, 223 P.3d 686, 697 (Colo. 2010) (explaining that a court must liberally construe a pro se party's pleadings), however, Vogel's response fell short of the requirements in section 16-13-505(2)(d).  Vogel arguably met the first two requirements in the statute because, in the motions, he denied the averments of the District Attorney's petition and "set[] forth with particularity why the seized property should not be forfeited."  § 16-13-505(2)(d)(I), (II).  But the "Motions to Quash" lacked the required witness list and "verified statement, supported by documentation, that the claimant is the true owner of the property or an interest therein."  § 16-13-505(2)(d)(III), (IV).  Significantly, Vogel admitted in the motions that, because of his incarceration in Virginia, he had "no way to know if [the trailer] belongs to him."

¶ 24    Because the "Motions to Quash" did not comply with the statutory requirements for responsive pleadings in civil forfeiture

11

cases, Vogel did not submit a proper response to the District Attorney's petition. Despite proceeding pro se, Vogel was required to follow the law. *Viles v. Scofield*, 128 Colo. 185, 187, 261 P.2d 148, 149 (1953) ("If a litigant, for whatever reason, sees fit to rely upon his own understanding of legal principles and the procedures involved in the courts, he must be prepared to accept the consequences of his mistakes and errors.").

¶ 25    The district court therefore properly denied Vogel's "Motions to Quash." *See* § 16-13-505(8); *see also Merrill*, 816 P.2d at 961 (holding that the trial court did not err in rejecting a response to a civil forfeiture petition that did not allege an interest in the purported contraband and was neither verified nor supported by documentation).

¶ 26    Because the district court properly denied Vogel's "Motions to Quash," we need not consider whether the motions were timely filed or whether the service on Vogel in Virginia only five days before the hearing frustrated the General Assembly's intent to provide claimants with sufficient time to respond to petitions before a scheduled hearing. *See* § 16-13-505(2)(b) (requiring that a hearing be set no earlier than thirty-five days from the date of issuance of

the citation, but not prescribing a minimum number of days between service on the respondent and the hearing).  Vogel apparently placed the motions in the mail only four days after he was served and one day before the hearing on the petition.  *See* C.R.C.P. 5(f) ("Except where personal service is required, a pleading or paper filed or served by an inmate confined to an institution is timely filed or served if deposited in the institution's internal mailing system on or before the last day for filing or serving.  If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.").  But whether timely or not, Vogel's response to the District Attorney's petition fell short of satisfying the statutory requirements.

### IV. The District Court Properly Entered the Default Order Forfeiting Vogel's Interest in the Trailer

¶ 27    Section 16-13-505(8) requires that a court find a claimant in a civil forfeiture hearing in default if the claimant "is properly served with the citation . . . and fails to appear . . . on the first appearance date or fails to file a response as required by this section."  *See* *People v. Davenport*, 998 P.2d 473, 475 (Colo. App. 2000) ("The unambiguous language of § 16-13-505(8) imposes alternative, not

13

cumulative, requirements, and in that circumstance we must apply the statute as written."). Thus, Vogel was not required to appear at the January 8, 2019, hearing if, before the hearing, he submitted a response that complied with section 16-13-505(2)(d). But, as noted above, Vogel did not file a proper response. For this reason, the district court did not err by entering the default order forfeiting Vogel's claimed interest in the trailer. *See* § 16-13-505(8).

## V. The District Court Did Not Err by Declining to Set Aside the Default Order

¶ 28 A court may set aside a default order of forfeiture if the court expressly finds that the claimant was improperly served and had no notice of the hearing, or the claimant "was prevented from appearing and responding due to an emergency situation caused by events beyond such claimant's control when such claimant had made diligent, good faith, and reasonable efforts to prepare a response and appear." § 16-13-505(8).

¶ 29 Vogel's "Motions to Appeal for Relief" could be construed as either a motion to set aside the default order of forfeiture or a notice of appeal. The district court concluded that the motions were the equivalent of a notice of appeal. The court, therefore, declined to

take action on the motions and informed Vogel that, to appeal the order of default, he was required to file an appeal with the Colorado Court of Appeals. Even if the district court misconstrued the motions, and Vogel instead filed a motion to set aside the default order of forfeiture, the "Motions to Appeal for Relief" and "Legal Briefs" did not comply with the requirements contained in section 16-13-505(8) for setting aside a default order of forfeiture.

¶ 30    Because Vogel admits he was served with the petition, the supporting affidavit, and the citation to show cause on January 3, 2019, and because he did not file a proper response to the petition, he can succeed in setting aside the default order of forfeiture only if he can establish that he "was prevented from appearing and responding due to an emergency situation caused by events beyond [his] control." § 16-13-505(8).

¶ 31    Although Vogel was incarcerated at the time he was served, the record shows that Vogel was capable of filing, and did file, documents with the district court. He is in default not because his incarceration prevented him from "appearing and responding," but because the documents he filed did not comply with the statutory requirements, even if we were to assume they were timely.

15

¶ 32    Thus, Vogel was not entitled to an order setting aside the default order of forfeiture.

### VI.    The Denial of Vogel's Request to Set Aside the Default Order of Forfeiture Did Not Violate His Due Process Rights

¶ 33    We consider Vogel's assertion that entry of the default order of forfeiture violated his due process rights, even though he did not support that argument with a substantive legal argument.  *See* C.A.R. 28(a)(7)(B) (explaining that an appellant must provide "reasoning, with citations to the authorities and parts of the record on which the appellant relies").  Because, as noted above, we construe Vogel's assertions liberally, *see Bergerud*, 223 P.3d at 696, we address his cursory due process argument on the merits — to the extent we understand it.

¶ 34    "[D]ue process requires an opportunity for a hearing before a deprivation of property takes effect."  *Fuentes v. Shevin*, 407 U.S. 67, 88 (1972).

> The right to prior notice and a hearing is central to the Constitution's command of due process.  "The purpose of this requirement is not only to ensure abstract fair play to the individual.  Its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment — to minimize

16

> substantively unfair or mistaken deprivations
> of property."

*United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53 (1993) (quoting *Fuentes*, 407 U.S. at 80-81).

¶ 35    "The essence of due process is the requirement that 'a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it.'" *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) (quoting *Joint Anti-Fascist Comm. v. McGrath*, 341 U.S. 123, 171-72 (1951) (Frankfurter, J., concurring)).  In a civil forfeiture case, "due process requires that a prompt post-seizure retention hearing before a neutral magistrate be afforded, with adequate notice, to all [claimants] . . . ." *County of Nassau v. Canavan*, 802 N.E.2d 616, 625 (N.Y. 2003).

¶ 36    Under the Act, Vogel was entitled to receive — and did receive — sufficient notice of the civil forfeiture proceeding.  He admittedly was served with the District Attorney's petition, the supporting affidavit, and the citation to show cause.  Through those documents, Vogel received actual notice of

- the nature of the proceeding;

- the relief sought;

- the legal basis for the District Attorney's case;

- the factual allegations underlying the District Attorney's contention that the trailer was contraband under section 16-13-503 because it was used in a marijuana grow operation;

- a description of the trailer;

- the date, time, and location of the show cause hearing;

- the deadline for Vogel's response to the petition; and

- information about Vogel's right to seek a continuance of the hearing.

No more is required to satisfy due process. *See James Daniel Good Real Prop.*, 510 U.S. at 53.

¶ 37    Thus, the entry of the default order of foreclosure did not violate Vogel's due process rights.

### VII.    Vogel's Arguments Under the Fourth and Sixth Amendments Fail

¶ 38    Vogel's arguments arising under the Fourth and Sixth Amendments lack merit on their face. Vogel argues that the search that resulted in the seizure of his trailer was unlawful because

there was no proof of a valid warrant and the search had not been "proven . . . reasonable." We disagree.

¶ 39 The affidavit supporting the petition explained that the search warrant was the product of an investigation stemming from a confidential informant's tip, as well as other information. A detective on the Boulder Country Drug Task Force prepared the warrant, which specified the place to be searched and the things to be seized, and a judge for the Twentieth Judicial District authorized it. *See People v. Gall*, 30 P.3d 145, 149 (Colo. 2001) ("[W]arrants . . . must particularly describe the place to be searched and the person or things to be seized."). Because Vogel provides no further information to challenge the validity of the warrant, we conclude that Vogel's argument lacks merit.

¶ 40 Additionally, the district court's order of default did not violate Vogel's Sixth Amendment right to counsel because Vogel was not entitled to appointed counsel in the civil forfeiture proceeding. *See People v. $30,000 U.S. Currency*, 41 Cal. Rptr. 2d 748, 752 (Ct. App. 1995) ("[M]ost courts to have considered the issue . . . have concluded that an indigent party to a civil forfeiture proceeding does not have the right to appointed counsel.").

## VIII.  Conclusion

¶ 41    The default order of forfeiture is affirmed.

JUDGE FOX and JUDGE BERGER concur.